# EXHIBIT A

# AUSTIN CAPITAL BANK SSB

3305 STOCK AVENUE, SUITE 275, AUSTIN, TX 78757

**Job #1929459**
Other · New York
Scan QR to open in-app:

SERVE SPEED
**Standard**

FIRST ATTEMPT BY
**July 27, 2026 8:00AM**

DUE BY
**August 2, 2026**

SERVEE INFORMATION

**Name:** AUSTIN CAPITAL BANK SSB

**Type:** Entity

ADDRESS

**Residential:** 3305 STOCK AVENUE, SUITE 275, AUSTIN, TX 78757

SERVICE RULES

AVAILABLE SERVICE METHODS

1. **Registered Agent:** Serve the registered agent as if serving a defendant (personal delivery).
2. **Entity Service:** Serve an authorized person for the entity Corp: Agent Authorized by Appointment or by Law, Assistant Cashier, Cashier, Director, General Agent, Managing Agent, Officer LLC: Authorized Agent, Designated Person, Manager, Member
3. **Secretary of State:** Serve NY Secretary of State (Albany DOS) by personal delivery of duplicate copies + fee, or DOS e-service (if available).

ATTEMPT EXPECTATIONS

Service is not allowed on Sunday; Wait 1 day(s) between attempts

**Service windows:** 07:00AM–11:59AM, 12:00PM–05:59PM, 06:00PM–10:00PM

| ATTEMPT DATE | DESCRIPTION |
|---|---|

July 13, 2026

Ryan Brown-Carter
120-46 200th St
Saint Albans, Ny 11412
929-803-0515
Workingcarter@gmail.com

**Austin Capital Bank**
c/o 3305 Stock Avenue
Suite 275
Austin, Tx 78757

**Re: Ryan Brown-Carter v. Austin Capital Bank SSB**
**Index No. CV-004761-26/QU**

To Whom it May Concern,

Please be advised that Austin Capital Bank, has been named as a Defendant in the above referenced action pending in the Civil Court of the City of New York, County of Queens, alleging violations of the Fair Credit Reporting Act, 15 U.S.C.§ 1681 et seq.

The complaint alleges that Austin Capital Bank failed to conduct a reasonable investigation after receiving notice of Plaintiff's dispute and continued to verify and report an inaccurate late payments on September 2023 and July 2024. Despite evidence demonstrating that the reporting was inaccurate.

In the interest of avoiding unnecessary litigation expenses. Plaintiff is willing to discuss an amicable resolution to this matter. A proposed resolution would include an updated status to "paid on time" regarding late payments and a monetary settlement of $5,000.00.

Should Austin Capital Bank wish to discuss settlement, please contact the undersigned at: Workingcarter@gmail.com

Sincerely,

*s/Ryan Brown-Carter*

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

---

RYAN BROWN-CARTER

PLAINTIFF,

**Index No. CV-004761-26/QU**

-AGAINST-

COMPLAINT

AUSTIN CAPITAL BANK SSB

DEFENDANT

---

COMES NOW the Plaintiff, RYAN BROWN-CARTER, complains, states, and alleges against Defendant, Austin Capital Bank, SSB (hereinafter "Austin" and "Furnisher"). Claimant respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681a-x ("FCRA")

**PRELIMINARY STATEMENT**

1. This is an action seeking for actual damages, statutory damages, and litigation cost brought pursuant to the FCRA.
2. Non-parties Experian, Equifax, and TransUnion comprise the three consumer reporting agencies ("CRAs") in the United States.
3. CRAs that create and sell consumer reports are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities that furnish them information, like Defendant, particularly where a consumer makes a dispute about information the CRAs are reporting.
4. When a consumer like Plaintiff disputes the accuracy of information through the agencies, those disputes are transmitted to the party furnishing the information, here Fifth Third.

5. It is undisputable that §1681s-2(b) is triggered when the furnisher is notified by the credit reporting agency ("CRA") that a consumer disputes the accuracy of the furnished information. Section 1681s-2(b) requires the furnisher to "conduct an investigation with respect to the disputed information" after receiving notice from a CRA. 15 U.S.C. §1681s-2(b)(1); see, Redhead v. Winston & Winston, P.C., 2002 WL 31106934, at *4 (S.D.N.Y. Sept. 20, 2002) ("The category of duties in [1681s-2(b)] governs the furnishers duty once notice is received from credit reporting agency that there is a dispute as to the completeness or accuracy of the information provided to that reporting agency.").

6. Upon such notice, a furnisher must: (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided by the consumer reporting agency..;(3) report the results of the investigation to the consumer reporting agency; (4) where an investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information…; and (5) where the information is found to be inaccurate, incomplete, or unverifiable, promptly modify, delete, or permanently block the reporting of that information.

7. Austin violated the FCRA, Section 1681s-2(b), when it received Plaintiff disputes from the agencies and failed to reasonably investigate those disputes. Instead, discovery will show all Austin did was consult its own records about the account and confirm to the agencies information it was already reporting.

## JURISDICTION AND VENUE

1. The jurisdiction for this Court is conferred by 15 § U.S.C. 1681p and 28 § U.S.C. 1367.

8. Venue is proper in this District and Division because the violations described in this Complaint occurred in this District, and the Respondent transacts business within this District and Division.

## PARTIES

9. Plaintiff, Ryan Brown-Carter, is a natural person residing in Queens County, New York. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

10. Upon information and belief, Defendant principal place of business is located 3305 Stock Avenue, Suite 275, Austin, Texas 78757 and conducts substantial business in the State of New York.

11. Defendant is a "furnisher" of information to Experian, Equifax, and TransUnion, "consumer reporting [agencies] that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

## FACTUAL ALLEGATIONS

12. Defendant furnished a tradeline of $10,000 for a loan installment agreement which was signed approximately in or about August 2022.

13. In or about April 2026, Plaintiff applied for financing to purchase lawn care equipment with an approximate value of $3,000.00

14. Although Plaintiff was approved for financing, Plaintiff was offered financing at a substantially elevated interest rate, resulting in a repayment obligation exceeding $6,000 over the life of the loan.

15. Plaintiff thereafter obtained a copy of his consumer reports and discovered inaccurate and incomplete information/

16. On May 1, 2026, Plaintiff disputed in writing to Experian, Equifax and TransUnion about the Self account.

17. Within the dispute letters to Experian, Equifax and TransUnion, Plaintiff disputed the inaccurate reporting of two 30-day late payments for September 2023 and July 2024.

18. Upon review of records, including bank statements, Plaintiff discovered that the reported September 2023 and July 2024 30-day late payments was inaccurate because Plaintiff had made a payment before the expiration of any thirty-day delinquency period.

19. When CRAs receive disputes like Plaintiffs, the FCRA demands that they immediately forward them, and all relevant information, to the furnishers who credit accounts or tradelines are the subject of the disputes.

20. The CRAs use a uniform electronic system, known as e-Oscar, to transmit disputes to furnishers. The substance of the disputes and accompanying documents are transmitted using forms called automated consumer dispute verification ("ACDV") forms.

21. Despite the Defendant receiving the ACDVs from all three CRAs (including the detailed dispute letter). Defendant failed investigate and falsely certified that the information it is reporting regarding this alleged debt is accurate.

22. **On May 26, 2026**, Equifax completed its investigation and sent the results to Plaintiff wherein Defendant falsely certified that the information it is reporting regarding the 30-day late payments is accurate, despite Plaintiffs dispute.

23. **On June 4, 2026**, Experian completed its investigation and sent the results to Plaintiff wherein Defendant falsely certified that the information it is reporting regarding the 30-day late payments is accurate, despite Plaintiffs dispute.

24. Defendant continued to report the alleged late payment to Experian, Equifax and TransUnion from May 2026 to current reporting.

25. The inaccurate reporting has impacted Plaintiffs credit rating.

26. As a result of the inaccurate credit reporting and inadequate investigation of Plaintiff's disputes, Plaintiff has suffered damages including, but not limited to:

A. Stress associated with denials for loans;

B. Monies lost by attempting to fix his credit, e.g. communication costs, car rental fees, postage for disputes;

C. Loss of time attempting to cure the error:

D. Mental anguish, stress, aggravation, frustration, upset, embarrassment, damage to credit, economic loss, and other related impairments to the enjoyment of life. All such damages have been suffered in the past, are continuing to be suffered, and such damages will continue in the future.

## FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681s-2(b)(1)(A)

27. Plaintiff re-alleges and incorporates by reference paragraphs 1-26 above.

28. Defendant has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that they failed to conduct a reasonable investigation regarding the inaccurate and incomplete information that was furnished to the Consumer Reporting Agencies.

29. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, economic loss, damage to credit reputation, and resulting in credit damages to Plaintiff.

30. Defendants conduct was negligent and/or willful.

31. Plaintiff is entitled to actual damages, punitive damages, attorneys fees and litigation costs for Defendants willful acts pursuant to 15 U.S.C. § 1681n.

32. Alternatively, Plaintiff is entitled to actual damages, and litigation cost if Defendants violations were negligent, pursuant to 15 U.S.C. § 1681o.

## <u>SECOND CLAIM FOR RELIEF</u>
## 15 U.S.C. § 1681s-2(b)(1)(B)

33. Plaintiff re-alleges and incorporates by reference paragraphs 1-32 above.

34. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information forwarded to them by the consumer reporting agencies.

35. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, economic loss, damage to credit reputation, and resulting in credit damages to Plaintiff.

36. Defendants conduct was negligent and/or willful.

37. Plaintiff is entitled to actual damages, punitive damages, attorneys fees and litigation costs for Defendants willful acts pursuant to 15 U.S.C. § 1681n.

38. Alternatively, Plaintiff is entitled to actual damages, and litigation cost if Defendants violations were negligent, pursuant to 15 U.S.C. § 1681o.

## THIRD CLAIM FOR RELIEF
**15 U.S.C. § 1681s-2(b)(1)(C)**

39. Plaintiff re-alleges and incorporates by reference paragraphs 1-38 above.

40. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report accurate information about the inaccurate payment history.

41. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, economic loss, damage to credit reputation, and resulting in credit damages to Plaintiff.

42. Defendants conduct was negligent and/or willful.

43. Plaintiff is entitled to actual damages, punitive damages, attorneys fees and litigation costs for Defendants willful acts pursuant to 15 U.S.C. § 1681n.

44. Alternatively, Plaintiff is entitled to actual damages, and litigation cost if Defendants violations were negligent, pursuant to 15 U.S.C. § 1681o.

## FOURTH CLAIM FOR RELIEF
**15 U.S.C. § 1681s-2(b)(1)(D)**

45. Plaintiff re-alleges and incorporates by reference paragraphs 1-44 above

46. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report accurate information to the consumer reporting agencies and continuing to report information that was false, inaccurate, and unverifiable.

47. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, economic loss, damage to credit reputation, and resulting in credit damages to Plaintiff.

48. Defendants conduct was negligent and/or willful.

49. Plaintiff is entitled to actual damages, punitive damages, attorneys fees and litigation costs for Defendants willful acts pursuant to 15 U.S.C. § 1681n.

50. Alternatively, Plaintiff is entitled to actual damages, and litigation cost if Defendants violations were negligent, pursuant to 15 U.S.C. § 1681o.

## FIFTH CLAIM FOR RELIEF
## 15 U.S.C. § 1681s-2(b)(1)(E)

51. Plaintiff re-alleges and incorporates by reference paragraphs 1-50 above.

52. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to have procedures in their system and failing to have a procedure with the consumer reporting agencies to (i) modify the inaccurate information in their system, (ii) delete the inaccurate or unverifiable information, or (iii) block the re-reporting of inaccurate or unverifiable information.

53. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, economic loss, damage to credit reputation, and resulting in credit damages to Plaintiff.

54. Defendants conduct was negligent and/or willful.

55. Plaintiff is entitled to actual damages, punitive damages, attorneys fees and litigation costs for Defendants willful acts pursuant to 15 U.S.C. § 1681n.

56. Alternatively, Plaintiff is entitled to actual damages, and litigation cost if Defendants violations were negligent, pursuant to 15 U.S.C. § 1681o.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff RYAN BROWN-CARTER respectfully requests entry of judgment in favor of Plaintiff and against Defendant for:

A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Costs and attorney fees pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. 1681o(b);

D. Such other and further relief as the Court determines just and proper.

Respectfully submitted,

Date: July 13, 2026

By: s/ Ryan Brown-Carter
Ryan Brown-Carter
120-46 200th St
Saint Albans, NY 11412
(929)-803-0525
workingcarter@gmail.com
*Pro Se*

**Civil Court of the City of New York**
**County of Queens**

Index Number: **CV-004761-26/QU**

RYAN BROWN-CARTER
Plaintiff(s)
-against-
AUSTIN CAPITAL BANK SSB
Defendant(s)

**SUMMONS WITH ENDORSED COMPLAINT**

BASIS OF VENUE: Plaintiff's residence

Plaintiff's Address (s) :
RYAN BROWN-CARTER
120-46 200TH ST
Saint Albans, NY 11412

To the named defendant (s)
AUSTIN CAPITAL BANK SSB (Defendant), at 3305 STOCK AVENUE, SUITE 275, Austin, TX 78757

**YOU ARE HEREBY SUMMONED** to appear in the Civil Court of the City of New York, County of Queens at the office of the Clerk of the said Court **at 89-17 Sutphin Boulevard Jamaica NY 11435** in the **County of Queens, City and State of New York,** within the time provided by law as noted below and to file your answer to the (endorsed summons) (annexed complaint) * with the Clerk; upon your failure to answer, judgment will be taken against you for the total sum of $5,000.00 and interest as detailed below. Plaintiff's work sheet may be attached for additional information if deemed necessary by the clerk.

Date:July 13, 2026

Tanya Faye
Chief Clerk

## ENDORSED COMPLAINT

The nature and the substance of the plaintiff's cause of action is as follows: **Other: PLAINTIFF ALLEGES DEFENDANT VIOLATED 15 U.S.C. 1681 ET SEQ for $5,000.00 with interest from 05/01/2026**

***NOTE TO THE DEFENDANT***

*A) If the summons is served by its delivery to you personally within the City of New York, you must appear and answer within* ***TWENTY*** *days after such service; or*

*B) If the summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed* ***THIRTY*** *days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.*

*C) Following CPLR 321(a) corporations must be represented by an attorney.*

** NOTE TO THE SERVER OF THE SUMMONS*

The person who serves the summons should complete the Affidavit of Service and shall file it in the Clerk's Office in the county where the action is brought.

**PLAINTIFF'S CERTIFICATION**
*( See 22NYCRR, Section 130-1.1a)*

SIGN NAME: [signature]
PRINT NAME: RYAN BROWN-CARTER

Civil Court of the City of New York
County of Queens

Index no: CV-004761-26/QU

RYAN BROWN-CARTER
Plaintiff(s)
-against-
AUSTIN CAPITAL BANK SSB
Defendant(s)

Affidavit of Service of Summons with Endorsed Complaint (Personal and Corporate)

7/23/26 7:03A
Ro PSC22046

State of New York, County of ____________ ss:

______________________________, being duly sworn, deposes and says:
(Name of Server)

I am over 18 years of age and **not a party** to this action.

At ____________,AM/PM, on ____________ at ______________________________
(Time) (Date) (Address)

in the County of ______________________________, City/State of New York, I served the attached
(Name of County)

SUMMONS WITH ENDORSED COMPLAINT in this matter on ______________________________
(Name of Defendant as Shown Above)

by delivering the said SUMMONS to:

______________________________ who is:
(Name of actual person with whom the SUMMONS was left)

[] The said defendant in person,
or,
[] known to me to be the ____________ of the ______________________________
(Title) (Corporation/Partnership)

**Perceived Description of Individual Served in Person:**

Gender: ________ Race: ________ Color of Hair: ________
Approximate Age: ________ Approximate Weight: ________ Approximate Height: ________

Sworn to before me this _______day of _____, 20________

______________________________
(Signature of Deponent)

______________________________
(Notary Public)

## Affirmation of Truth of Statement

I affirm this ____ day of ____________, 20____, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

(Sign) ______________________________

(Print) ______________________________